IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-00894-RJC-SCR

| | | |
|---|---|---|
| **CLEAN JUICE FRANCHISING, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **CHARLESTON JUICING, LLC et. al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**THIS MATTER** is before the Court on "Defendants' Motion for Early Discovery" (Doc. No. 19), as well as the parties' briefs and exhibits (Doc. Nos. 19, 22 & 29). Plaintiff opposes the Motion to the extent Defendants seek discovery beyond what Plaintiff has agreed to produce. "Plaintiff's Partial Opposition to Defendants' Motion for Early Discovery" (Doc. No. 22).

On March 27, 2024, the Court held an informal telephonic conference and heard arguments from the parties' counsel.

Local Civil Rule 26.1 entitled Commencement of Discovery provides in relevant part:

> [O]fficial Court-enforceable discovery does not commence until issuance of the Scheduling Order. While parties are encouraged to engage in consensual discovery before such period and up to trial, the Court will only enforce discovery that is conducted within the context of the Scheduling Order or where leave is granted in accordance with LCvR 16.1(f).

LCvR 26.1. Local Civil Rule 16.1(f) entitled Early Discovery states that:

> The parties may engage in consensual discovery at any time. However, Court-enforceable discovery does not commence until issues have joined and a Scheduling Order has been entered, with the exception that early Rule 34 requests may be used pursuant to Fed. R. Civ. P. 26(d)(2). A party seeking early Court-enforceable discovery may file a motion for leave to take early discovery stating the reasons therefor. No supporting memorandum is required.

LCvR 16.1(f).

Plaintiff, a franchisor, contends that Defendants, some its former franchisees, are violating covenants not to compete and misappropriating trade secrets. The issues have not been joined and a Pretrial Order and Case Management Plan ("PTO") has not been entered. Rather, Plaintiff's Motion for Preliminary Injunction is scheduled for hearing before the presiding District Judge on April 22, 2024. (Doc. No. 6 and Notice of Hearing issued 2/27/2024). Defendants seek early discovery to oppose Plaintiff's Motion for Preliminary Injunction. Defendants' proposed discovery requests are attached to their Motion, (Doc. No. 19-1 through 19-3), and the Court discussed the requests with counsel during the call. The parties' counsel have met and conferred. Plaintiff agreed to produce certain documents and respond to certain interrogatories, but objected to others. Having discussed these matters with counsel, and despite Defendants' argument to the contrary, the Court finds that the outstanding discovery requests do not appear "narrowly tailored" to obtain information in preparation for preliminary injunction hearing. See Carter v. Ozoeneh, No. CIV. 3:08CV614, 2009 WL 1383307, at *3 (W.D.N.C. May 14, 2009); United Healthcare Servs., Inc. v. Richards, No. CIV.3:09-CV-215RJCDC, 2009 WL 4825184, at *2 (W.D.N.C. Dec. 2, 2009) (citing Dimension Data N. Am., Inc. v. NetStar–1, Inc., 226 F.R.D. 528, 531–32 (E.D.N.C. 2005) ("given the timing of plaintiff's motion, the absence of narrowly-tailored discovery requests in advance of a preliminary injunction hearing, and the lack of evidence that plaintiff will be irreparably harmed by delaying the discovery requested until after the Rule 26 conference or in advance of a preliminary injunction hearing, expedited discovery is not reasonable")).

The parties cite to Merz N. Am., Inc. v. Viveve Med. Inc., No. 2:17-CV-15-BR, 2017 WL 11613694, at *2 (E.D.N.C. May 5, 2017). Merz also recognizes that "discovery is not permitted until after the parties have conferred pursuant to Rule 26(f)." Id. (citing Fed. R. Civ. P. 26(d)(1)). However, courts have discretion to alter the timing and sequence of discovery. Id. In considering early discovery or expedited requests, courts in this circuit have applied a reasonableness or good cause standard and considered the following factors:

> the procedural posture of the case, whether the discovery requested is narrowly tailored, whether the party seeking the information would be irreparably harmed by waiting until after the parties conduct their Rule 26(f) conference, and whether the information sought would be unavailable or subject to destruction in the absence of expedited production.

Id. (citing Chryso, Inc. v. Innovative Concrete Sols. of the Carolinas, LLC, No. 5:15-CV-115-BR, 2015 WL 12600175, at *3 (E.D.N.C. 30 June 2015)). "In any event, under either test, a party must show 'a likelihood of irreparable harm without access to early discovery.'" Id. (citing Lewis v. Alamance Cty. Dep't of Soc. Servs., No. 1:15CV298, 2015 WL 2124211, at *2 (M.D.N.C. 6 May 2015)).

Here, the proposed discovery requests to which Plaintiff has not yet responded are extraordinarily broad and not narrowly tailored. As Merz noted, the proposed discovery requests must be targeted or otherwise tailored to . . . injunctive relief, and not simply be addressed to the ultimate merits of [the] claims." Id. The volume and breadth of the request for documents, interrogatories, and 30(b)(6) topics are equal to what a party might anticipate under whole case discovery. Here, there are at least 25 parts, including subparts, to the proposed interrogatories. Under Federal Rule of Civil Procedure 33, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33. The undersigned acknowledges no pretrial order has issued, but

such early discovery could not be so broad that any later discovery issued would circumvent the rules and discovery practices of this district. Compounding this issue, by way of example, Defendants' Requests for Production would require Plaintiff to produce "[a]ll documents and communications referenced or relied upon by Clean Juice in answering Defendants' First Set of Interrogatories propounded by Defendants to Clean Juice in this Action," which would include emails, documents, and other data, again showing the breadth of information requested and that such requests are not narrowly tailored.

The proposed topics of the 30(b)(6) deposition also are not narrowly tailored and inappropriately seek to depose a corporate witness about a specific individual's declaration. As Plaintiff points out, the District Judge may conduct an evidentiary hearing with witnesses, as the Court deems appropriate, to evaluate the preliminary injunction.

The undersigned also observes that Defendants have received several documents and responses from Plaintiff voluntarily, including those documents attached in support of its preliminary injunction. The Court will require Plaintiff to complete the production it has already agreed to make.[1] As a result, Defendants have or will receive information that will benefit them in preparing their opposition to an injunction. However, the proposed early discovery is simply too broad and whole case discovery has not yet commenced. Defendants have further failed to make a sufficient showing to entitle them to court-enforced discovery at this point in the proceedings. The Court's denial of early discovery is without prejudice to Defendants serving the same or similar requests during formal discovery.

**NOW THEREFORE IT IS HEREBY ORDERED that:**

---

[1] The Court notes that certain documents that Plaintiff has agreed to produce have been attached to sealed filings in this matter. Plaintiff indicated those documents had been served on Defendants as part of its filing, but have not yet been formally produced.

1. "Defendants' Motion for Early Discovery" (Doc. No. 19) is **GRANTED IN PART AND DENIED IN PART**. Specifically, to the extent Plaintiff has voluntarily agreed to make certain discovery responses and any of those responses are outstanding, Plaintiff shall serve those responses with 7 days of this Order. This directive includes documents which Plaintiff has filed on the docket in this case, but has not produced as formal discovery responses. In all other respects, the Motion is **DENIED**.

2. To the extent that issues of confidentiality remain, the parties are directed to meet and confer and submit an agreed proposed protective order, or their competing proposed protective orders accompanied by a motion for entry of the proposed order.

3. The Clerk is directed to send copies of this Order to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: March 29, 2024

Susan C. Rodriguez
United States Magistrate Judge