**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No.: 3:23-CV-00894-RJC-SCR**

| | |
|---|---|
| **Clean Juice Franchising, LLC**, | |
| Plaintiff, | |
| v. | |
| **Charleston Juicing, LLC,**<br>**Charleston Juicing Calhoun, LLC,**<br>**Charleston Juicing West Ashley, LLC,**<br>**Charleston Juicing Mt. Pleasant, LLC**,<br>**Roy O. Crain,**<br>**CJ Collegeville, LLC,**<br>**CJ Malvern, LLC,**<br>**CJ Wynnewood, LLC,**<br>**Vogt Goodyear Enterprises, LLC,**<br>**Debra K. Manchester,**<br>**Morgan K. Manchester, &**<br>**Richard Kline,** | **PROTECTIVE ORDER** |
| Defendants. | |

It is hereby ORDERED by the Court that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

1.      Counsel for any party may designate any document or information contained in a document as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be labeled "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER." "Confidential" information or documents may be referred to collectively as "confidential information."

1

2.     Unless otherwise ordered by the Court, or otherwise provided for herein, the confidential information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3.     In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Order constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law.

4.     Information or documents designated as "Confidential" shall not be disclosed to any person, except:

  a.     The requesting party and counsel;

  b.     Employees of such counsel assigned to and necessary to assist in the litigation;

  c.     Consultants or experts to the extent deemed necessary by counsel;

  d.     Any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information during and in preparation for his/her testimony and may not retain the confidential information; and

  e.     The Court, including Court staff and court reporters, or the jury at trial or as exhibits to motions.

5.     Prior to disclosing or displaying the confidential information to any person, counsel shall:

2

a.  Inform the person of the confidential nature of the information or documents; and

b.  Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6.  The confidential information may be displayed to and discussed with the persons identified in Paragraph 4(c) and (d) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from this Court.

7.  For the purpose of Paragraphs 4(d) and (e) it is understood by the parties that any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law and the Local Rules. This Order does not provide for the automatic sealing of such documents.

8.  Nonetheless, any party or non-party that seeks to file with the Court information designated as "Confidential" shall follow the procedures set forth in Local Civil Rules 6.1 and 7.1.

9.  Delivery by a producing party or person of documents containing confidential information without properly designating the documents as "Confidential" at the time of its production shall not necessarily constitute a waiver of protection of such information, provided that the disclosing person or its counsel promptly notifies all receiving persons upon realizing the

3

failure to properly designate, specifically identifying the documents claimed to be "Confidential." Any person who is notified that confidential information has been inadvertently produced without proper designation shall treat the information as if it had been appropriately designated as "Confidential" unless and until the Court determines upon proper request by an affected party or person that such designation is improper. Such receiving person shall make reasonable efforts to notify all other persons to whom it has provided the information that such material shall be treated and handled in accordance with this Order and to recover all copies of such confidential information in the possession of a person not within the group of persons identified in paragraph 4. Disclosure by a receiving party, prior to designation as "Confidential" of information that has been produced without designation but is subsequently designated as "Confidential," shall not be a violation of this Order.

10. Inadvertent disclosure or production of confidential information that is subject to the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege, or any other privilege or immunity from discovery shall not constitute a waiver of, or an estoppel as to any claim of, such privilege, immunity, or protection. Any party who has received such confidential information, upon learning that such confidential information is subject to a claim of privilege, whether through its own review of such materials or upon request of the producing or another party, shall immediately destroy or return such confidential information to the party who produced them no later than five business days from either learning of the inadvertent production or receiving a written request by the producing or other party for the return of the inadvertently produced confidential information, and the receiving party shall not retain or keep any copy, electronic copy, hard copy, or otherwise, of the confidential information or notes regarding the confidential information or its contents.

4

11.     Nothing herein and no action taken under this Order shall constitute a waiver or admission that any specific document, material, testimony, object or item: (1) is relevant and subject to discovery; (2) is or is not a trade secret or confidential proprietary information; (3) constitutes or does not constitute confidential information; or (4) is or is not admissible in evidence at trial or at any hearing. The production of any documents or information that the producing party claims to be privileged shall be governed by the facts and applicable law.

12.     The ultimate disposition of protected materials is subject to a final order of the Court on the completion of litigation.

13.     At the conclusion of litigation, the confidential information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of a final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed.

14.     The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further protective order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

**SO ORDERED**.

Signed: April 5, 2024

Susan C. Rodriguez
United States Magistrate Judge

5

# **Exhibit A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled _____ have been designated as confidential. I have been informed that any such document or information labeled as "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

DATED: _____

_____

Signed in the presence of:

_____

(Attorney)