UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00894-RJC-SCR

| CLEAN JUICE FRANCHISING, LLC, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) |
| | ) **Order** |
| CHARLESTON JUICING, LLC, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Plaintiff's Motion for Preliminary Injunction, (Doc. No. 6), and Defendants' Motion to Strike Plaintiff's Reply in Support of Motion for Injunction or, in the Alternative, For Leave to File a Surreply in Opposition to Plaintiff's Motion for Injunction. (Doc. No. 43).

## I. BACKGROUND

Plaintiff brought this action on December 22, 2023, alleging breach of contract and misappropriation of trade secrets, among other claims. (Doc. No. 1). On January 17, 2024, Plaintiff filed a Motion for Preliminary Injunction, seeking to enjoin Defendants from violating their post-termination obligations and misappropriating Plaintiff's trade secrets. (Doc. No. 6). Defendants filed their response in opposition to the motion on February 7, 2024. (Doc. No. 28). The Court received Plaintiff's reply on February 21, 2024. (Doc. No. 32).

Defendants contend that Plaintiff presented the following new arguments and

1

new evidence in its reply: (1) evidence submitted in support of Plaintiff's alleged trade secrets; (2) Plaintiff's assertion that the switch to pre-bottled, high-pressure processed ("HPP") juices reduced labor costs; (3) Plaintiff's assertion that Defendants' Clean Juice franchises "improved their net profit margins" following the switch to HPP juices; (4) Plaintiff's assertion that the useful life of the hydraulic press used to make the in-house cold-pressed juices is 5 years; and (5) a new February 5, 2024 email (dated after Plaintiff filed its Motion for Preliminary Injunction) allegedly sent to Plaintiff. (Doc. No. 44 at 2–3).

On March 14, 2024, Defendants filed the instant Motion to Strike Plaintiff's Reply in Support of Motion for Injunction or, in the Alternative, For Leave to File a Surreply in Opposition to Plaintiff's Motion for Injunction. (Doc. No. 43). Plaintiff filed its response on March 28, 2024. (Doc. No. 48). Defendants filed their reply on April 4, 2024. (Doc. No. 51). The motion indicates that the parties conferred regarding the relief requested in this motion but were unable to reach an agreement. (Doc. No. 44 at 12–13).

## II. DISCUSSION

### A. Motion to Strike

Local Rule 7.1 provides that "[a] reply brief should be limited to a discussion of matters newly raised in the response." LCvR 7.1(e). But when new arguments are raised in the reply brief, the brief may be stricken. *See Heska Corp. v. Qorvo US, Inc.*, No. 1:19CV1108, 2020 WL 5821078, at *2–3 (M.D.N.C. Sept. 30, 2020). Nothing requires that an affidavit, which supports a reply brief, be filed at the same time as the motion itself. Any affidavits that support the reply brief may be filed with the

2

reply brief. *McGinnis v. Se. Anesthesia Assocs., P.A.*, 161 F.R.D. 41, 42 (W.D.N.C. 1995) (analyzing Fed. R. Civ. P. 6 and when a supporting affidavit must be filed).

The evidence submitted in support of Plaintiff's trade secrets, the new email, and the assertions regarding HPP juices and labor costs, profit and loss statements, and hydraulic presses, all appear to be responsive to arguments made in Defendants' brief and not new arguments raised for the first time in the reply.

Accordingly, the Court finds no grounds to strike Plaintiff's reply brief. Therefore, Defendants' motion, insofar as it requests that Plaintiff's reply brief be stricken, is denied.

**B. Motion for Leave to File Surreply**

Local Rule 7.1 explains that "[s]urreplies are neither anticipated nor allowed by this Rule, but leave of Court may be sought to file a surreply when warranted." LCvR 7.1(e). Thus, surreplies are disfavored under the local rules. However, the Local Rules "are not intended to bind any judicial officer to any particular course of action or result" and "[e]ach judicial officer retains the discretion to apply the Local Civil Rules in a manner consistent with the demands of the case." LCvR 1.1; *see Commodity Futures Trading Comm'n v. Bryant*, No. 321CV00487RJCDCK, 2022 WL 2015291, at *2 (W.D.N.C. June 6, 2022).

In general, a court will only allow a party to file a surreply when fairness dictates doing so based upon new arguments raised in the previous reply. *Frankenmuth Mut. Ins. Co. v. Nat'l Bridge Builders, LLC*, No. 1:22-CV-00024-MR-WCM, 2023 WL 2824897, at *1 (W.D.N.C. Jan. 25, 2023); *Turner v. Griffin*, No. 1:17 CV 334, 2019 WL 3783293, at *1 (W.D.N.C. Aug. 12, 2019).

3

Here, the Court has already concluded that the reply brief was responsive to the arguments in the response brief and new arguments were not raised. Still, the additional, detailed information provided in and with the reply brief warrant a surreply. As such, Defendants' motion, as to the surreply, is granted.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motion, (Doc. No. 43) is **DENIED in part** as to the Motion to Strike Plaintiff's Reply;

2. Defendants' Motion, (Doc. No. 43), is **GRANTED in part** as to Leave to File a Surreply in Opposition to Plaintiff's Motion; and

3. Defendants may file a surreply, not to exceed 15 pages, within 7 days of the entry of this order.

Signed: April 26, 2024

Robert J. Conrad, Jr.
United States District Judge