UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00894-RJC-SCR

| | |
|---|---|
| CLEAN JUICE FRANCHISING, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHARLESTON JUICING, LLC, et al., ) <br> ) <br> Defendants. ) <br> ) <br> ) <br> ) | **Order** |

**THIS MATTER** is before the Court on Defendant's Motion for a Limited Evidentiary Hearing. (Doc. No. 53).

## I. BACKGROUND

Plaintiff brought this action on December 22, 2023, alleging breach of contract and misappropriation of trade secrets, among other claims. (Doc. No. 1). On January 17, 2024, Plaintiff filed a Motion for Preliminary Injunction, seeking to enjoin Defendants from violating their post-termination obligations and misappropriating Plaintiff's trade secrets. (Doc. No. 6).

The Court scheduled a hearing for Plaintiff's Motion for Preliminary Injunction. On April 8, 2024, Defendants filed the instant motion for a limited evidentiary hearing on Plaintiff's Motion for Preliminary Injunction. (Doc. Nos. 53, 6). Plaintiff filed its response on April 19, 2024, (Doc. No. 55), and Defendants filed their reply on April 26, 2024. (Doc. No. 56).

1

Defendants seek an evidentiary hearing on Plaintiff's Motion for Preliminary Injunction in order to elicit testimony from Clean Juice's corporate representative as to its purported history of permitting other Clean Juice franchisees to violate their non-compete agreements. (Doc. No. 54 at 3). Beyond testimony, Defendants also seek production of "copies of any and all agreements [Clean Juice] entered into with its franchisees within the last 2 years where Clean Juice expressly waived or limited its non-compete clauses contained within its franchise agreements." *Id.* at 7. Defendants contend that this evidence is relevant to the issue of irreparable harm. *Id.* at 3. Plaintiff responds that an evidentiary hearing is not appropriate because no pertinent factual issues are in "sharp dispute" such that the Court must make credibility determinations to decide the motion. (Doc. No. 55 at 2). Plaintiff characterizes Defendants' request for an evidentiary hearing as "a fishing expedition that will obfuscate, rather than clarify, the issues in dispute." *Id.*

## II. DISCUSSION

Courts have found that if a defendant is "permitted to continue violating the non-compete agreement, it would undermine the value of all of the non-compete agreements [the franchisor] has with other franchisees." *Meineke Car Care Centers, Inc. v. Bica*, No. 3:11-CV-369-FDW-DCK, 2011 WL 4829420, at *5 (W.D.N.C. Oct. 12, 2011); *see also Lockhart v. Home-Grown Indus. of Georgia, Inc.*, No. 3:07-CV-297, 2007 WL 2688551, at *4 (W.D.N.C. Sept. 10, 2007). However, it is also recognized that where the franchisor has an "apparent history of . . . permitting others, or even the former franchisee, to operate in former [franchise business] locations," a plaintiff's

2

Case 3:23-cv-00894-RJC-SCR   Document 62   Filed 05/07/24   Page 2 of 5

argument that "they need relief here to send a message to potential breakaway franchisees" is undermined. *Baskin-Robbins Inc. v. Patel*, 264 F. Supp. 2d 607, 612 (N.D. Ill. 2003). Selective enforcement of a non-compete clause that is inconsistent and not "grounded in credible business reasons" may impact the analysis on irreparable harm." *See Petland, Inc. v. Hendrix*, No. 204CV224, 2004 WL 3406089, at *7 (S.D. Ohio Sept. 14, 2004).

Plaintiff argued in support of its Motion for Preliminary Injunction that it would be harmed by a failure to enforce the noncompete. Defendants responded that Plaintiff would not suffer harm because it had a history of not enforcing noncompete agreements. Now, Defendant seeks an evidentiary hearing both to elicit testimony and to have Plaintiff produce documents regarding violations of non-compete agreements by other Clean Juice franchisees due to its apparent relevance to the irreparable harm analysis.

Federal Rule of Civil Procedure 65 does not require an evidentiary hearing and oral argument prior to issuance of a preliminary injunction. "The Court must ensure, however, 'relief follows only after consideration of all facts and arguments deemed important by the parties.'" *S.C. Progressive Network Educ. Fund v. Andino*, 493 F. Supp. 3d 460, 466 (D.S.C. 2020) (quoting *Drywall Tapers & Pointers of Greater NYC, Local 1974 v. Operative Plasterers' & Cement Masons' Int'l Ass'n of U.S. & Can.*, 537 F.2d 669, 674 (2d Cir. 1976)). "Where the parties dispute facts . . . hearings are 'highly desirable,' if not 'necessary,' before a court resolves a motion for a preliminary injunction." *Pierce v. N. Carolina State Bd. of Elections*, No. 4:23-CV-193-D, 2024 WL

307643, at *6 (E.D.N.C. Jan. 26, 2024), *aff'd,* 97 F.4th 194 (4th Cir. 2024) (first quoting *Aoude v. Mobil Oil Corp.*, 862 F.2d 890, 893 (1st Cir. 1988); then citing *Rosario-Urdaz v. Rivera-Hernandez*, 350 F.3d 219, 223 (1st Cir. 2003); and then citing *GlaxoSmithKline, LLC v. Brooks*, No. 8:22-cv-364, 2022 WL 2916170, at *2 (D. Md. July 25, 2022)). Generally, if the motion hinges on a disputed factual issue, an evidentiary hearing is required. *RelaDyne Reliability Servs. Inc. v. Bronder*, No. 2:20CV377, 2020 WL 5745801, at *1 (E.D. Va. Aug. 4, 2020) (citing *Arrowpoint Capital Corp. v. Arrowpoint Asset Mgm't, LLC*, 793 F.3d 313, 324 (3d Cir. 2015)).

As to the requested production of documents, while discovery is not typically permitted until after the parties have conferred pursuant to Rule 26(f), the Court maintains discretion to alter the timing and sequence of discovery. Fed. R. Civ. P. 26(d)(1). When a party moves for expedited discovery, a court will "apply either a reasonableness or good cause test." *Merz N. Am., Inc. v. Viveve Med. Inc.*, No. 2:17-CV-15-BR, 2017 WL 11613694, at *2 (E.D.N.C. May 5, 2017). The following factors should be considered:

> the procedural posture of the case, whether the discovery requested is narrowly tailored, whether the party seeking the information would be irreparably harmed by waiting until after the parties conduct their Rule 26(f) conference, and whether the information sought would be unavailable or subject to destruction in the absence of expedited production.

*Id.* (citing *Chryso, Inc. v. Innovative Concrete Sols. of the Carolinas, LLC*, No. 5:15-CV-115-BR, 2015 WL 12600175, at *3 (E.D.N.C. June 30, 2015)).

The evidence sought is relevant to the disputed irreparable harm issues in the Motion for Preliminary Injunction. In the present motion, unlike Defendants' Motion

4

for Expedited Discovery, Defendants' request has been narrowed, and Defendants have made a sufficient showing for the requested production. Therefore, Defendants' Motion for a Limited Evidentiary Hearing is granted.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendants' Motion for a Limited Evidentiary Hearing, (Doc. No. 53) is **GRANTED**. The hearing on Plaintiff's Motion for Preliminary Injunction will be a limited evidentiary hearing where Defendants may call Plaintiff's corporate representative to testify regarding the alleged irreparable harm suffered by Plaintiff in the enforcement of noncompetition agreements with other franchisees.

**IT IS FURTHER ORDERED** that Plaintiff will produce, at the hearing, copies of any and all agreements entered into with its franchisees within the last two years where Clean Juice expressly waived or limited its non-compete clauses contained within its franchise agreements.

Signed: May 7, 2024

Robert J. Conrad, Jr.
United States District Judge