UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00894-RJC-SCR

| | |
|---|---|
| CLEAN JUICE FRANCHISING, LLC, ) ) Plaintiff, ) ) v. ) ) CHARLESTON JUICING, LLC, et al., ) ) Defendants. ) ) ) ) | **Order** |

**THIS MATTER** is before the Court on Plaintiff's Consent Motion to Seal. (Doc. No. 64). By oral order, the Court granted Plaintiff's Motion during the preliminary injunction hearing. This Order sets forth the Court's findings.

Plaintiff requests that the following be sealed:

- All settlement agreements between Clean Juice and its former franchisees that contain confidentiality provisions (the "Confidential Settlement Agreements"), which may be admitted at the May 13, 2024 evidentiary hearing on Clean Juice's Motion for a Preliminary Injunction, and which are pre-marked as Plaintiff's Exhibits 40–54; and

- Portions of any testimony during the evidentiary hearing that disclose the content of the Confidential Settlement Agreements.

The Court recognizes that the public has a right to inspect and copy judicial

1

records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "While a district court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests, the presumption in such cases favors public access." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (cleaned up). "[B]efore a district court may seal any court documents . . . it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Id.* (first citing *In re Knight Pub. Co.*, 743 F.2d 231, 235–36 (1984); and then citing *Stone v. University of Maryland Medical System Corp.*, 855 F.2d 178, 181 (1988)); *Wellness Grp., LLC v. King Bio, Inc.*, No. 1:12-CV-00281-MR-DLH, 2014 WL 68803, at *1 (W.D.N.C. Jan. 8, 2014) (sealing documents containing confidential proprietary business information).

At issue is confidential information related to settlement agreements involving third parties. The Court finds that it is necessary to seal the confidential information and there are no less drastic alternatives to sealing. The agreements contain provisions that require them to remain confidential. The only way to keep these documents confidential is to seal them—otherwise, they will be available to the public. *See Nallapaty v. Nallapati*, No. 5:20-CV-470-BO, 2022 WL 16984479, at *6 (E.D.N.C. Nov. 15, 2022) (noting that the "terms of the settlement have been designated confidential and concern not only the parties to this action but third

2

parties as well, who have not consented to filing the settlement agreement as a public document"). Further, Plaintiff's request is narrow, requesting to seal only the information within and pertaining to the confidential settlement agreements.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Consent Motion to Seal, (Doc. No. 64) is **GRANTED.** All settlement agreements between Clean Juice and its former franchisees that contain confidentiality provisions (the "Confidential Settlement Agreements"), which were disclosed at the May 13, 2024 evidentiary hearing on Clean Juice's Motion for a Preliminary Injunction, and which are pre-marked as Plaintiff's Exhibits 40–54; and any portions of any testimony during the evidentiary hearing that disclosed the content of the Confidential Settlement Agreements are sealed.

Signed: May 30, 2024

Robert J. Conrad, Jr.
United States District Judge